[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition requesting habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after a guilty plea, for manslaughter first degree, in violation of General Statutes § 53a-55, for which judgment the petitioner received a sentence of twenty years incarceration. The petitioner claims his confinement is unlawful because his trial counsel, Attorney Paul McQuillan, rendered ineffective assistance by failing to file the petitioner's application for review of his sentence by the sentence review division in a timely manner.
On September 16, 1992, the petitioner entered into a plea agreement whereby he pleaded guilty to a charge of manslaughter first degree, which was reduced from an original charge of murder. The prosecuting authority recommended the maximum, twenty year sentence, but, as part of the agreement, the petitioner was free to argue for a lesser period of confinement. On October 16, 1992, the trial court, Damiani, J., sentenced the petitioner to twenty years incarceration. Upon the conclusion of the sentencing hearing, the clerk gave the petitioner written notice of his right to apply for review of this sentence by the review division under General Statutes § 51-195. McQuillan instructed the petitioner to sign a copy of this notice for the clerk and that he would explain the contents of the notice to the petitioner in a few moments after the petitioner was removed from the courtroom to the lockup.
Because the petitioner has a mental condition requiring medication, McQuillan asked the court to note this requirement on the mittimus. The trial court was willing to grant this request but asked that McQuillan contact the petitioner's physician to ascertain the precise medication needed. McQuillan was excused from the courtroom in order to phone the doctor.
Upon obtaining the necessary information, McQuillan returned to the courtroom which was then in a state of bedlam. Apparently, members of the deceased's family and the petitioner's family had begun shouting at each other and engaging in other menacing and disruptive conduct. The sheriffs cleared the courtroom and quickly transported the petitioner from the courthouse. Consequently, McQuillan was unable to fulfill his intention of speaking to the petitioner while at the courthouse about the opportunity for CT Page 3896 sentence review and the process attendant thereto.
The petitioner is an immigrant to this country from Italy, having left his homeland for these shores in 1970. The petitioner was twenty years old at that time and had received an eighth grade education while in Italy. He speaks and comprehends rudimentary English passably but is illiterate in English. The petitioner worked in a factory in the United States for eighteen years. His job required him to read gauges and record the numerical data obtained from them. He understands simple English but has difficulty comprehending complex conversation. An Italian speaking interpreter assisted the petitioner at the habeas hearing, but no interpreter participated at the sentencing hearing. The underlying criminal case was the petitioner's first contact with the judicial system.
Because the opportunity for McQuillan to discuss the sentence review procedure with the petitioner at the courthouse was lost in the chaos which followed sentencing, McQuillan arranged to meet with the petitioner at the prison to discuss this matter. McQuillan had previously agreed to represent the petitioner in any postsentencing hearing and fully intended to file an application for sentence review on behalf of the petitioner and represent him at the review hearing. Unfortunately, shortly after this time, McQuillan underwent a physical examination which revealed that he had a badly deteriorated heart valve, which condition demanded immediate hospitalization and specialized heart surgery. McQuillan entered an out-of-state hospital which specialized in performing the delicate surgery necessary to alleviate this life-threatening medical condition. Postoperative complications ensued causing McQuillan to spend a total of seventeen days in the hospital.
During McQuillan's absence other members of his law firm handled his cases as their court dates arrived. No one, however, realized the necessity of explaining the sentence review process to the petitioner during McQuillan's hospitalization and convalescence.
While in prison the petitioner wondered about the copy of the notice he retained. He phoned McQuillan's office and learned of his attorney's serious medical misfortune and consequent unavailability. Three or four months after sentencing, the petitioner showed the notice to a fellow inmate. That inmate read the document and informed the petitioner that the notice pertained to the petitioner's right to have the twenty year, maximum sentence imposed by the trial court reevaluated by the review division. The CT Page 3897 inmate also alerted the petitioner that the thirty day deadline for such application, under General Statutes § 51-195 had expired. Armed with this information, the petitioner immediately applied to the review division to have his sentence reexamined. The sentence review division declined to conduct a hearing because the filing was tardy.
The petitioner contends that McQuillan rendered ineffective assistance by failing to file the application on behalf of the petitioner in a timely manner. The respondent argues that the petition ought to be dismissed because the decision to seek sentence review and the obligation to file for such consideration were the petitioner's and not his attorney's and that the petitioner suffered no prejudice by his counsel's inaction.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms, Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Id.
The court finds that the petitioner has satisfied his burden of proving, by a preponderance of the evidence, that his trial counsel rendered ineffective assistance by failing to insure that the petitioner's application for sentence review was filed before the statutory period lapsed. Before sentencing, McQuillan had expressly advised the petitioner that, as part of his representation of him, McQuillan would handle any postconviction proceedings with respect to reconsideration of the sentence if necessary. Immediately after sentencing, McQuillan instructed the petitioner to sign the clerk's notice of sentence review rights and advised the petitioner that he would explain the importance of the CT Page 3898 notice to the petitioner momentarily. McQuillan was aware that the petitioner wished to take advantage of any avenue of reconsideration should the maximum sentence be handed down. McQuillan was also aware that the petitioner would be unable to decipher the notice of sentence review procedure on his own. Because of a string of unforeseen circumstances, including McQuillan's physical incapacitation, the petitioner's lawyer was unable to fulfill his duty to insure that the petitioner's application for sentence review was timely made.
The respondent, however, argues that McQuillan had no such duty and that there "is no state or federal recognized right to counsel in deciding whether or not to file for Sentence Review" (Respondent's posttrial brief, p. 8). The court disagrees.
First, the respondent misconstrues the petitioner's claim. The petitioner makes no claim that McQuillan was ineffective by failing to decide whether to pursue sentence review, rather the petitioner asserts that McQuillan's inactivity lost the petitioner's opportunity to implement the petitioner's decision to seek such reconsideration. McQuillan's deficiency was in permitting such a loss even though that deficiency was caused by some forces beyond McQuillan's control.
Second, it is well-settled law that, if there is a right to counsel at a particular proceeding, there is a right to the effective assistance of counsel at that proceeding, Evitts v. Lucey,469 U.S. 387, 396, fn. 7 (1985); Claudio v. Scully, 982 F.2d 798,802 (2d Cir. 1992); Lozada v. Warden, 223 Conn. 834, 838
(1992). The right to counsel at a criminal trial, where incarceration is a possibility, is a fundamental, constitutional right, Gideon v. Wainwright, 372 U.S. 335, 343 (1963); Argersingerv. Hamlin, 407 U.S. 25, 37 (1972).
Our Supreme Court has held that sentencing is a critical stage of the criminal trial, and, because sentence review is an extension of the sentencing process, sentence review is also a critical stage, Consiglio v. Warden, 153 Conn. 673, 677, 678 (1966). The respondent's argument that the right to counsel "attaches only for the [sentence review] hearing itself" (Respondent's posttrial brief, p. 9) misreads the principle espoused in Consiglio v.Warden, supra. In that case, our Supreme Court noted that the "entire sentence review procedure . . . falls within the duty assumed by the attorney of record," Id. 677, fn. 1 (emphasis added). That Court also observed that had the petitioner in that case been CT Page 3899 represented by counsel he would have likely withdrawn the application instead of pursuing it, Id. The court holds that the trial attorney's duty extends to advising the client with respect to the opportunities and dangers attendant to requesting review and assisting the client in making such application if an eligible client elects to do so.
The respondent also argues that the petitioner's own omission ought to defeat his claim. In other words, because the petitioner failed to file a timely application for sentence review on his own, any inaction by his counsel was nonprejudicial. Without prejudice, the respondent contends, the petitioner is not entitled to habeas corpus relief under the Strickland standard. The court rejects this contention, also.
At the time of sentencing, the petitioner lacked the language skills in English to perceive the thirty day time limit contained in the notice of sentence review procedure. The court feels that the petitioner justifiably relied on McQuillan to explain the contents of the document to him. McQuillan's advise, in essence, told the petitioner to wait for further explanation by McQuillan which would follow soon. When after some time passed and McQuillan had failed to communicate with him the petitioner attempted to talk to McQuillan and only then learned of his lawyer's health problems.
In Bunkley v. Commissioner, 222 Conn. 444, 459 (1992), fn. 16, our Supreme Court recognized that "where the prejudice claimed by a habeas corpus petitioner is that he was deprived of his entire appeal because his appellate counsel failed to file papers timely," the usual standard for measuring the prejudice prong of theStrickland test is inapposite. In such instances, the petitioner need not demonstrate that, but for counsel's errors, the outcome of his underlying criminal trial would have been different. Instead, prejudice is established merely by demonstrating the loss of the opportunity to appeal, Id.
The court holds that the modified prejudice analysis contained in footnote 16 of Bunkley v. Commissioner, supra, applies to the present case. The court finds that the petitioner has been prejudiced by McQuillan's failure to file the petitioner's sentence review application within the statutory period allowed, even though McQuillan's inaction was the result of his inability to consult with the petitioner because of the unfortunate and unexpected problems discussed above. The petitioner has met his burden of satisfying both the deficiency and prejudice prongs of the CT Page 3900Strickland standard for ineffective assistance claims.
The court next addresses the remedy appropriate to the circumstances presented by this case. A habeas court has the power, under General Statutes § 52-470, to grant such relief "as law and justice require," and the court must fashion a remedy commensurate with the violation established, Gaines v. Manson,194 Conn. 510, 528 (1984). Keeping these precepts in mind, the court orders that the petitioner be afforded a new thirty days from the date of this decision in which to file with the appropriate court an application for sentence review.
Sferrazza, J.